Tbe opinion of tbe Court was delivered by
Dunkin, C. J.
The Act of 1857, 12 Stat. 607, renders it the duty of any Master or Commissioner in Equity, in case of any estate become derelict, “ either by reason of no application for letters of administration or from any other cause,” to apply to the Ordinary for letters of administration, who is required to grant such letters on receiving from such Master or Commissioner Ms own bond as in case of any other administration, “ but no sureties on the same shall be required.”
By the third section of the Act it is required that, in addition to filing an inventory, appraisement and account in the Ordinary’s office, such Master or Commissioner shall keep an official record of the same, and all the proceedings therein, in bis own office, which shall be submitted to the Chancellor for bis inspection at each term of the Court of Equity in the district.
It is manifest from these provisions that the duties prescribed are altogether official, for the faithful discharge of which the sureties on Ms official bond are responsible, and, in consequence thereof, sureties on the administration bond to *168 the Ordinary are dispensed with. When he ceases to be Master or Commissioner, he can no longer keep an official record of his proceedings or report the same to the Chancellor, of whose Court he is now not an officer. It appears from the Judge’s report that the defendant, although he took out letters of administration under the Act of 1857, resigned his office as Commissioner before he took possession of the assets of the intestate; and, moreover, that he turned over to his successor in office all the assets in his hands as Commissioner, including those of all derelict estates. When the defendant resigned his office as Commissioner, the estate of the intestate was no longer represented by him; and if no one else applied for administration, it became the duty of his successor in office to apply to the Ordinary, under the provisions of the Act, for letters of administration de bonis non.
The motion to set aside the nonsuit is dismissed.
Wardlaw and Inglis, J. J., concurred.

Motion refused.